IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BRATTON,

    Petitioner,                    No. CIV S-11-0781 MCE GGH P

    vs.

A. HEDGPETH, Warden,

    Respondent.              <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has purported to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Because this case will have to be re-designated as a civil rights action pursuant to 42 U.S.C. § 1983 if petitioner, as plaintiff, elects to pursue it, see below, the court will not grant in forma pauperis status and assess a filing fee at this time, although examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit, because there is a considerable disparity between the filing fee for a civil rights action, $350.00, and one for a habeas corpus petition, $5.00.

1

Petitioner alleges that CDCR[1] officials have affixed fraudulent classification points to his classification score in violation of his due process rights and transferred him from a Level II to a Level III custody prison and, subsequently, to a Level IV, despite exemplary conduct on his part. Petition, pp. 3, 11. Petitioner claims this higher custody designation is illegal and in retaliation for petitioner having exercised his constitutionally protected right to file civil lawsuits challenging unlawful conditions of confinement when petitioner refused to move to a Level II dorm because of his CCCMS status. Id. at 3.

Petitioner alleges that defendants, the prison warden, the director of the CDCR and the Unit III classification committee, have placed him at a higher level of security placement under CAL. CODE REGS. tit.xv, § 3375.2[2] "execution style/type murder" adding points for "administrative reasons" without due process of law. Petition, p. 4. Petitioner brings this putative habeas petition challenging 1) the procedure for adding points to petitioner's classification score; 2) the conditions of confinement at a higher level of custody as cruel and unusual punishment; 3) defendants' interpretation of CAL. CODE REGS. tit.xv, § 3375.2 with regard to "execution style/type murder"; 4) discrimination in violation of the equal protection clause and retaliation for having filed a complaint. Petition, pp. 4, 11. The fourth ground appears to be a combination of two different claims and, although petitioner does not frame it as a separate ground, he appears to be seeking to bring a claim of denial of his right of access to the courts also. Id. at 4. Petitioner seeks declaratory and injunctive relief and possibly monetary damages. Petition, p. 14.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of

---

[1] California Department of Corrections and Rehabilitation.

[2] This regulation, entitled "Administrative Determinants" allows for an inmate's being "housed in a facility with a security level which is not consistent with the inmate's placement score" if the inmate meets one or more of a number of listed conditions.

>any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). See also, Ross v. Woodford, 2007 WL 1589544 (E.D. Cal. June 1, 2007) (petitioner challenging CDCR classification system who maintains his classification history entitles him to be transferred from a Level IV to Level III custody prison challenges the conditions of his confinement is not entitled to a writ of habeas corpus and may only proceed by way of 42 U.S.C. § 1983); Boyd v. Uribe, 2010 WL 3169586 (S.D. Cal. June 8. 2010)(petitioner's challenge to his reclassification from custody Level II to Level III does not implicate the legality or duration of his state court conviction and does not state a valid claim pursuant to 28 U.S.C. § 2254)[3]; Chaney v. Kramer, 2010 WL 2991515 (N.D. Cal. July 28, 2010)(dismissing petitioner's claim that prison classification committee elevated his prison placement score improperly placing him in a Level III facility and seeking a decrease in placement score because this claim does not thereby frame a claim affecting the fact or duration of imprisonment).

      The petition will be dismissed but petitioner will be granted leave to file a civil rights complaint. If petitioner, as plaintiff, chooses to file a complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations

---

[3] This report and recommendation was adopted by order filed on August 11, 2010, see 2010 WL 3169584 (S.D. Cal. 2010).

are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended filing complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended pleading, the original pleading no longer serves any function in the case. Therefore, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed with leave granted for petitioner to file an action pursuant to 42 U.S.C. § 1983, within twenty-eight days; should petitioner, as plaintiff, fail to file a complaint, the undersigned will recommend dismissal of this action;

2. A ruling upon petitioner's application to proceed in this matter will be withheld until such time as a complaint in this action may be timely filed;

3. The Clerk of the Court is directed to re-designate this case as one brought pursuant to 42 U.S.C. § 1983; and

4. The Clerk of the Court is directed to provide petitioner, as plaintiff, with a form for a prisoner civil rights action used in this district.

DATED: June 2, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
brat0781.b