IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BRATTON,

        Plaintiff,                    No. CIV-S-11-0781 MCE GGH P

    vs.

A. HEDGPETH, Warden, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By Order, filed on June 2, 2011, this action was re-designated as one brought pursuant to 42 U.S.C. § 1983, the petition was dismissed with leave granted for petitioner to file a complaint, and a ruling on the application to proceed in forma pauperis was withheld until such time as a complaint might be timely filed. A complaint has been filed timely.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 1.71 will be assessed by this

1

order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

2

v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendants CCI Lopez, D. Carnazzo, T. Verdesoto, N. Grannis, Ben Curry,[1] pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) based on plaintiff's claims that these individuals acted in retaliation for plaintiff's having filed a civil rights complaint against them.

However, plaintiff should be aware that he does not have an independent constitutional right to a certain classification. A prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections). Thus, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano,

---

[1] The court notes that, almost without exception, each of these defendants are employed by state prisons located within the jurisdiction of Northern District of California. As the only defendant who is or was not is most likely merely nominal, N. Grannis, the undersigned is unclear as to why this action has been filed in this district.

427 U.S. 215, 223-225, 96 S. Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir.1984) (allegation that prison guard planted false evidence in retaliation for prisoner's failure to pay extortion demand fails to state section 1983 claim so long as procedural due process was provided).

Nor do prisoners have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2]

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in

1   However, as noted above, to the extent that plaintiff is alleging that the defendants
2   acted in re-classifying him to a higher custody level and transferring him to a higher custody
3   level institution because he had filed a civil rights complaint against them, his claim is
4   cognizable as one for retaliation by prison officials for the exercise of a prisoner's constitutional
5   right of access to the courts as such conduct violates the federal constitution. Pratt v. Rowland,
6   65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995);
7   Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th
8   Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

9   The court will, nevertheless, dismiss the complaint as to certain defendants, with
10  leave to amend, because it is unclear exactly as to these individuals whether plaintiff is making
11  allegations against them, and Rule 8 of the Federal Rules of Civil Procedure requires "sufficient
12  allegations to put defendants fairly on notice of the claims against them." McKeever v. Block,
13  932 F.2d 795, 798 (9th Cir. 1991). With respect to defendant Hedgpeth, Warden at Salinas
14  Valley State Prison (SVSP), plaintiff does not appear to have named him as a defendant in
15  making the transition from habeas petition to civil rights complaint, so he will be dismissed with
16  leave to amend.  In addition, although plaintiff lists as a defendant a classification staff
17  representative named Gomez at CTF[3]-Soledad, he does not separately set him forth as a
18  defendant in the portion of his complaint wherein he identifies each defendant and frames his
19  allegation as to each.  The same is true for defendants J. Batchelor and R.S. White. Therefore,
20  defendants Gomez, Batchelor and White will be dismissed with leave to amend as well.

21  A troubling feature of the instant complaint is that it appears that plaintiff may be
22  saying that he has already filed the instant allegations within the Northern District of California.
23  See, e.g., Complaint, pp. 1-3, 34. If that is so, plaintiff should make clear in any future filing

---

25  relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

26      [3] Correctional Training Facility.

how this case should not be dismissed as duplicative or as res judicata. Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir. 1995). The Supreme Court has noted that "claim preclusion" and "issue preclusion" are referred to collectively as "res judicata." Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 2171 (2008). The doctrine of res judicata is applicable to § 1983 actions. Clark v. Yosemite Community College Dist., 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983), citing Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75, 84, 104 S.Ct. 892, 898 (1984); Allen v. McCurry, 449 U.S. 90, 97-98, 101 S.Ct. 411, 416-417 (1980); Piatt v. MacDougall, 773 F.2d 1032, 1034 (9th Cir.1985) (en banc). Courts have held that habeas proceedings can have preclusive effect in subsequent civil rights actions. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam) (holding that a federal habeas decision may have preclusive effect in a subsequent § 1983 action); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (ruling that state habeas proceedings can have issue or claim preclusive effect in subsequent § 1983 actions).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $ 1.71.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Hedgpeth, Gomez, Batchelor and White are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  In any amended complaint, plaintiff should make clear that his claims in the instant action are not duplicative or res judicata.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: August 17, 2011

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
brat0781.b1