IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BRATTON,

    Plaintiff,                                     No. CIV S-11-0781 MCE GGH P

    vs.

A. HEDGPETH, Warden, et al.,

    Defendants.                         ORDER

_____/

        By order, filed on June 2, 2011, plaintiff, who had originally filed his action, as a habeas petition pursuant 28 U.S.C.§ 2254, was informed as to the reasons his case had to be re-designated as one brought pursuant to 42 U.S.C. § 1983. In doing so, the court stated, inter alia,

> the court will not grant in forma pauperis status and assess a filing fee at this time, although examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit, because there is a considerable disparity between the filing fee for a civil rights action, $350.00, and one for a habeas corpus petition, $5.00.

See Order, filed on June 2, 2011 (docket # 8).

        The court detailed how plaintiff's allegations regarding a claimed illegal higher custody designation to which he was subject in retaliation for his having exercised his constitutionally protected right to file civil lawsuits challenging unlawful conditions of confinement could not be brought under § 2254. See id. The petition was dismissed and

1

plaintiff granted leave to amend.  Thereafter, plaintiff filed a complaint on the appropriate complaint form entitled an "'amended' complaint under the Civil Rights Act 42 U.S.C. § 1983 for monetary damages, declaratory relief, and inju[n]ction order." See docket # 9.  By order, filed on August 18, 2011, the court found plaintiff's claims colorable with respect to five defendants, dismissed four other defendants, and granted plaintiff further leave to amend and in forma pauperis status.  The court noted in the order that it was unclear why plaintiff had elected to file his complaint in this district as all but one defendant was employed by state prisons in the Northern District of California and the one who was not appeared to be merely nominal.  See Order, filed on August 18, 2011 (docket # 11), p. 3 n. 1.  The court also observed that "[a] troubling feature of the instant complaint is that it appears that plaintiff may be saying that he has already filed the instant allegations within the Northern District of California." Id., p. 5. Plaintiff was directed in any future filing to make clear, if that were so, why "this case should not be dismissed as duplicative or as res judicata." Id., at 5-6.

      Plaintiff did not elect to amend his complaint further, but instead, filed an "objection" to the orders, filed on August 18, 2011, including the screening order above (docket # 11) and the order to the Director of the California Department of Corrections and Rehabilitation directing incremental payment of the $350.00 filing fee from plaintiff's prison trust account.  See docket # 12.   The objection was construed as a request for reconsideration by the district judge of the August 18, 2011, orders of the undersigned, wherein plaintiff's amended complaint had been screened and a filing fee assessed.  By order, filed on January 20, 2012, Judge England denied plaintiff's objections/request for reconsideration.

      By a motion filed on February 6, 2012, plaintiff alleges that his prior "objection" had been misconstrued and that he thereby intended to have his case dismissed without prejudice and sought to have the order assessing the filing fee withdrawn claiming that he "had no rights." See docket # 17. Both in his earlier "objection" and in the present motion, plaintiff appears not to understand that the court cannot "withdraw" the order assessing the filing fee and simply

reimburse the filing fee, or any portion thereof, once the fee has been assessed and his initial filing has been screened.  If plaintiff believed he should be allowed to proceed under 28 U.S.C. § 2254, rather than under 42 U.S.C. § 1983 or objected to the court's initial order, filed on June 2. 2011, he was at liberty not to proceed with an amended filing.  Plaintiff was not compelled to file an amended complaint.  The court was quite generous in making clear that no filing fee would be assessed until he did so.  Plaintiff did file an amended complaint, was granted in forma pauperis status, has been assessed the filing fee and, as the district judge has made clear, plaintiff's objections thereto have been denied.  "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1), in part.  Hence, although in forma pauperis status affords a prisoner the ability to have the filing fee collected over time and without prepayment, he is statutorily obligated to pay the full filing fee.

The court found some of plaintiff's claims colorable but granted plaintiff leave to amend.[1]  Plaintiff in his most recent filing is adamant that he wishes to voluntarily dismiss his case and insists that is what he intended by his earlier objection.  Defendants have not made an appearance.  Any pending motion is denied as moot and, pursuant to Fed. R. Civ. P. 41(a), the action is dismissed.

Accordingly, the Clerk of Court shall close this case.

DATED: February 14, 2012

　　　　　　　　　　　　　　　　　　/s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:009
brat0781.ord

---

[1] In failing to do so, plaintiff has not addressed the question raised by the court as to whether or not his claims herein are duplicative or res judicata.  See, order filed on Aug. 18, 2011 (docket # 11).